J. D. Sullivan, Esq., NV State Bar No. 5516
jd@mindenlaw.com
Gene M. Kaufmann, NV Bar No. 6704
gene@mindenlaw.com
SULLIVAN LAW
1625 State Route 88, Suite 401
Minden, NV  89423
TEL:   (775) 782-6915
FAX:   (775) 782-3439

Paula A. Rasmussen[1], Esq., CA Bar No. 258352
rasmussen@hmnlaw.com
HILDEBRAND, McLEOD & NELSON LLP
Westlake Building
350 Frank H. Ogawa Plaza, Fourth Floor
Oakland, CA   94612-2006
TEL:   (510) 451-6732
FAX:   (510) 465-7023

Attorneys for Plaintiff
ROBERT FITZPATRICK

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT FITZPATRICK,<br><br>         Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>         Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**Federal Employers' Liability Act – 45 U.S.C. §§ 51,** *et seq*.<br><br>1. **Negligence**<br>2. **Negligence** *Per Se* **– Violation of Federal Locomotive Inspection Act, 49 U.S.C. §§ 20701** *et seq.*<br>3. **Negligence** *Per Se* **– Violation of Federal Safety Appliance Act, 49 U.S.C. §§ 20301** *et seq.*<br>4. **Negligence** *Per Se* **– Violation of 49 C.F.R. § 232.105**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ROBERT FITZPATRICK, by this complaint, complains of Defendant UNION

---

[1] Paula A. Rasmussen, Esq., application for admission in this case under LR IA 11-2 is being filed concurrently.

Complaint for Damages                                                                                                         1

PACIFIC RAILROAD COMPANY and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought under the Federal Employers Liability Act, "FELA," 45 U.S.C. §§ 51 *et seq*. As such, this Court has jurisdiction of these matters. 28 U.S.C. § 1331 and 45 U.S.C. § 56. There is also jurisdiction based upon diversity of citizenship in that ROBERT FITZPATRICK is a citizen of the State of Nevada, while Defendant UNION PACIFIC RAILROAD COMPANY is a Delaware corporation with its principal place of business in Nebraska. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars. 28 U.S.C. § 1332.

2. The United Stated District Court, District of Nevada, is the proper venue for this action in that the events leading to the injury occurred here, the defendants were doing business here at the time of the injury, and a substantial part of the events or omissions giving rise to claims occurred here. 45 U.S.C. § 56, 28 U.S.C. § 1367(a), and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff ROBERT FITZPATRICK (hereinafter "Plaintiff") is an individual who is currently, and was at all relevant times herein, a resident of the State of Nevada and was employed by UNION PACIFIC RAILROAD COMPANY (hereinafter "UPRR") as an engineer and was engaged in his duties at and around the Winnemucca Yard, in Winnemucca, Nevada, at the time of the subject incident.

4. That at all times herein mentioned, Defendant UPRR is currently, and was at all relevant times herein, a Delaware corporation duly authorized to do business in the State of Nevada, and in other states; that Defendant UPRR was at all times herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in the State of Nevada, and in other states; and Plaintiff was employed by UPRR in such interstate commerce, and the injuries complained of arose while Plaintiff was performing duties in the furtherance of, or affecting, interstate commerce.

///

///

///

**FIRST CAUSE OF ACTION**

**Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. ("FELA")**

**COUNT ONE**

**FELA – Negligence**

5. Plaintiff realleges and incorporates Paragraphs 1 through 4, inclusively, as if fully set forth and at length herein.

6. That this action is brought under and by virtue of the provisions of the Federal Employers' Liability Act, hereinafter "FELA," 45 U.S.C. §§ 51 *et seq*.

7. That on or about June 27, 2018, Plaintiff was employed by Defendant UPRR and was working at and around the Winnemucca Yard, in Winnemucca, Nevada.

8. That at said time and said place, while acting in the course and scope of his employment, Plaintiff was using the handbrake wheel to tie down a locomotive when the chain suddenly gave way causing Plaintiff to experience immediate and sharp pain in his back.

9. That UPRR owed to Plaintiff the duty of exercising ordinary care to provide Plaintiff with a reasonably safe place to work, to furnish Plaintiff with reasonably safe tools and equipment with which to work, and to institute and oversee reasonably safe procedures and methods for the performance of said work; that Defendant UPRR, acting by and through its agents, servants and employees, other than Plaintiff, carelessly and negligently failed in its aforesaid duties in that, among other things, UPRR: (1) failed to inspect, repair and/or maintain the locomotive involved in the incident alleged herein, as well as its parts and appurtenances, and (2) failed to comply with applicable laws, rules and regulations, including but not limited to the Locomotive Inspection Act ("LIA") 49 U.S.C. §§ 20701 *et seq*.; the Safety Appliance Act ("SAA") 49 U.S.C. §§ 20301 *et seq*.; and the Code of Federal Regulations, including but not limited to 49 C.F.R. § 232.105. That as a result of UPRR's carelessness and negligence, Plaintiff was caused to suffer the injuries as set forth herein.

10. That as a direct result of the negligence hereinabove set forth of defendant, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and received

personal injuries, including but not limited to the following: injuries to his back that include an annular tear in the lumbar region; injuries to his neck; injuries to his legs that include left lower extremity weakness and painful paresthesia; extreme pain and suffering; and severe shock to his nervous system and person.

11.   That by reason of the carelessness and negligence of UPRR, as aforesaid, and the injuries caused, Plaintiff was forced to and did incur indebtedness for the services of duly licensed physicians and surgeons, for x-rays, MRI's, medicines, appliances, hospitalization, surgery, and household care in a sum as yet unascertainable, and Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries, and will therefore incur a further indebtedness in an amount as yet unascertainable and that when said amounts are ascertained, Plaintiff will pray leave of court to insert said sums as the reasonable value of said services and hospitalization.

12.   That at the time of happening of this accident, Plaintiff was a strong and able-bodied man, capable of earning over $110,000 per year, and that as a result of the injuries sustained, Plaintiff was unable to work for a period of time; and that he has suffered and will continue to suffer for an indefinite time in the future damages to his earning capacity, economic damage, general damage, and ability, all to his damage in a sum as yet unascertainable, and that when said sum is ascertained, plaintiff will ask leave of court to insert said sum for his damages.

WHEREFORE, Plaintiff prays for judgment against defendant UPRR as hereinafter set forth.

## COUNT TWO

### Negligence *Per Se* – Statutory Violation

### Locomotive Inspection Act, 49 U.S.C. §§ 20701, *et seq.*

13.   Plaintiff realleges and incorporates Paragraphs 1 through 12, inclusively, as if fully set forth and at length herein.

14.   That this count is brought under and by virtue of the provisions of the FELA, including 45 U.S.C. § 54a, thereby incorporating into the FELA the Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 20701 *et seq*., resulting in negligence *per se*.

///

15. That, at all times herein mentioned, UPRR, as Plaintiff's employer, was under a statutory obligation to comply with the LIA, a safety statute insuring that the locomotive and its parts and appurtenances be in proper condition and safe to operate.

16. That at all times herein mentioned, Defendant violated the LIA in that, among other things, the locomotive that Plaintiff was assigned to work on was in an unsafe, defective and improper condition within the meaning of the LIA, such as having defective handbrakes, and caused Plaintiff to suffer the injuries aforementioned.

17. That the conduct regulated by the LIA is intended to promote the safety of railroad workers; that said statute was drafted for and intended to protect railroad employees such as Plaintiff.

18. That the Defendant's violation of the LIA as described herein played a part in causing Plaintiff to suffer and sustain the injuries and damages hereinabove set forth.

WHEREFORE, Plaintiff prays for judgment against Defendant UPRR as hereinafter set forth.

## COUNT THREE

### Negligence *Per Se* – Statutory Violation

### Safety Appliance Act, 49 U.S.C. §§ 20302 *et seq*.

19. Plaintiff realleges and incorporates Paragraphs 1 through 18, inclusively, as if fully set forth and at length herein.

20. That this count is brought under and by virtue of the provisions of the FELA, including 45 U.S.C. § 54a, thereby incorporating into the FELA the Safety Appliance Act ("SAA"), 49 U.S.C. §§ 20302 *et seq*., resulting in negligence *per se*.

21. That, at all times herein mentioned, UPRR, as Plaintiff's employer, was under a statutory obligation to comply with the SAA, a safety statute, in connection with the safety appliances used on Defendant's railroad lines.

22. That at all times herein mentioned, Defendant violated the SAA in that, among other things, Defendant failed to ensure that the handbrakes on the locomotive that Plaintiff was assigned to work were efficient within the meaning of the SAA, 49 U.S.C. § 20302(a)(B).

23. That the conduct regulated by the SAA is intended to promote the safety of railroad workers; that said statute was drafted for and intended to protect railroad employees such as Plaintiff.

24. That the Defendant's violation of the SAA as described herein played a part in causing Plaintiff to suffer and sustain the injuries and damages hereinabove set forth.

WHEREFORE, Plaintiff prays for judgment against Defendant UPRR as hereinafter set forth.

## COUNT FOUR

### Negligence *Per Se* – Regulatory Violation

### 49 C.F.R. § 232.105

25. Plaintiff realleges and incorporates Paragraphs 1 through 24, inclusively, as if fully set forth and at length herein.

26. That this count is brought under and by virtue of the provisions of the FELA, including 45 U.S.C. § 54a, thereby incorporating 49 Code of Federal Regulations, "C.F.R.," Part 232, entitled "Brake System Safety Standards for Freight and Other Non-Passenger Trains and Equipment…," in particular, section 232.105 setting forth general requirements for brakes on locomotives; said regulations are promulgated under the Federal Railroad Safety Act, "FRSA," 49 U.S.C. §§ 20101 *et seq*.

27. That, in pertinent part, section 232.105 requires that handbrakes be safe and capable of application by hand; that section 232.105 further requires UPRR to inspect and repair the handbrakes on its locomotives.

28. That at all times herein mentioned, Defendant violated 49 C.F.R. § 232.105, in that, among other things, UPRR assigned Plaintiff to work on a locomotive that had an unsafe handbrake that was not capable of application by hand; and that UPRR failed to properly inspect and repair the handbrake prior to the incident giving rise to Plaintiff's injuries.

29. That the conduct regulated by 49 C.F.R. § 232.105 is intended to promote the safety of railroad workers; that said regulation was drafted for and intended to protect railroad employees such as Plaintiff.

30. That Defendant's violation under 49 C.F.R. § 232.105, as described herein, played a part in causing Plaintiff to suffer and sustain the injuries and damages hereinabove set forth.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays judgment against Defendant UNION PACIFIC RAILROAD COMPANY for general damages and special damages, for his costs of suit incurred herein, for post-judgment interest as allowed by law, and for such other relief that the court may deem proper and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: June 15, 2020

SULLIVAN LAW
HILDEBRAND, McLEOD & NELSON, LLP

By: _____
J. D. SULLIVAN
GENE M. KAUFMANN
Attorneys for Plaintiff,
ROBERT FITZPATRICK